UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
NOV 23 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-608-GWU

EWELL V. DANIELS, JR.,            PLAINTIFF,

VS.        **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Daniels

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Ewell V. Daniels, Jr., applied for DIB alleging disability due to a back injury and nervousness, and was found by an Administrative Law Judge (ALJ) to have unspecified "severe" impairments. (Tr. 18). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Daniels retained the residual functional capacity to perform a significant number of "light" jobs existing in the economy and, therefore, was not entitled to benefits. (Tr. 19-23). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's "age, education, and vocational background" could perform any jobs if he were limited to lifting no more than 15 pounds, could not repetitively bend, stoop, twist, crawl, or continuously kneel, and was able to understand, remember, and carry out no more than simple instructions and tasks in an object-focused setting. (Tr. 319, 321). The VE responded that there were jobs that such a person

could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 320-1).

On appeal, this Court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition. For the reasons set out below, the Court concludes that the hypothetical question was inadequate.

The plaintiff makes several arguments on appeal.

One argument is that the ALJ did not properly evaluate his complaints of pain, but a review of the hearing decision indicates that the ALJ's discussion was adequate in this regard. (Tr. 19-20). Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986). Likewise, the ALJ's determination not to accept a conclusory statement of disability by Dr. Rader, the plaintiff's treating family physician (Tr. 196), was not erroneous. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984).

Another argument made by the plaintiff is that the ALJ erroneously determined his mental functional restrictions. The plaintiff notes particularly that an examining psychologist, Reba Moore, determined that Mr. Daniels had IQ scores below 70, which were described as valid (Tr. 174), and maintains that the ALJ did not properly evaluate the applicability of the Commissioner's Listing of Impairment (LOI) 12.05C, for mental retardation. One of the ALJ's reasons for rejecting the IQ

Daniels

scores was that Ms. Moore was not qualified to determine mental retardation, but the Commissioner concedes in her brief that Moore, a certified psychologist with autonomous functioning, was a qualified source under 20 C.F.R. Section 404.1513. Otherwise, however, the ALJ advanced valid reasons for declining to conclude that Mr. Daniels functioned in the range of mild mental retardation, noting in particular that the plaintiff himself indicated he had never been in Special Education classes in any of the eight years of school he completed (Tr. 77) and had a long work history in a coal mining job the VE described as "skilled" (Tr. 318). No school records were submitted. In light of the ruling in Foster v. Halter, 279 F.2d 348, 354 (6th Cir. 2001) that it is the claimant's burden to show deficits in adaptive functioning before age 22, this portion of the administrative decision is supported by substantial evidence.

Another argument by the plaintiff related to mental functioning is that the ALJ did not give sufficient weight to mental limitations described by Ms. Moore, who concluded that he would have a "seriously limited but not precluded" ability to deal with the public, deal with work stresses, function independently, maintain attention and concentration, and understand, remember and carry out detailed but not complex job instructions. (Tr. 177-8). While the ALJ's decision does not give as clear a rationale for rejecting these limitations as it might have, it does cite the fact that Moore was a one-time examiner and not a treating source. (Tr. 18). As such, her opinion was not entitled to the special deference due to a source with a

9

Daniels

longitudinal perspective on a patient's condition. Walker v. Secretary of Health and Human Services, 980 F.2d 1066, 1070 (6th Cir. 1992). Moreover, the plaintiff was treated in 2002 by a local Comprehensive Care Center (CCC) in 2002. The staff psychiatrist agreed with a diagnosis of an adjustment disorder with mixed anxiety and depressed mood and a Global Assessment of Functioning (GAF) score of 55 in January, 2002, and of 56 in May, 2002. (Tr. 180-1). A GAF score in this range equates to "moderate" symptoms per the Diagnostic and Statistical Manual of Mental Disorders (Fourth Edition -Text Revision), p. 34. Finally, a state agency reviewing psychologist, Ed Ross, completed a Mental Residual Functional Capacity evaluation form and gave specific reasons for discounting the conclusions in the Moore report. (Tr. 255-7). See Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).

However, the ALJ did not properly give reasons for not accepting the restrictions determined by Dr. Ross. While he was not an examining source, Dr. Ross did have the benefit of a review of all the evidence. The Commissioner's regulations provide that an ALJ "must consider findings of state agency medical and psychological consultants or other program physicians or psychologists as opinion evidence, except for the ultimate determination [of disability]." 20 C.F.R. Section 404.1527(f)(i). Dr. Ross opined that Mr. Daniels would have a "moderately limited" ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, and interact with the general public. (Tr. 255-

Daniels

6). In addition, there would be some limitation in his ability to understand, remember, and carry out detailed instructions. (Id.). While the ALJ's hypothetical question did presume "simple instructions and tasks" and an "object-focused environment," the language of the question does not encompass all of the assessed limitations. Therefore, it did not adequately depict the plaintiff's capacities.

Since the case will be remanded for this reason, the Court also notes in passing that Reba Moore administered achievement testing which showed that Mr. Daniels had a 3rd grade arithmetic ability and a 4th grade reading ability. (Tr. 174). The VE was evidently asked to assume an 8th grade education. (Tr. 319). 20 C.F.R. Section 1564(b) provides that a claimant's numerical grade level will be used "if there is no other evidence to contradict it." In the present case, there does appear to be such evidence.

The decision will be remanded for further consideration.

This the ____23____ day of November, 2005.

G. WIX UNTHANK
SENIOR JUDGE

11